*This opinion will be unpublished and may not be cited except as provided by Minn. Stat. § 480A.08, subd. 3 (2012).*

**STATE OF MINNESOTA
IN COURT OF APPEALS
A14-0360**

State of Minnesota,
Respondent,

vs.

Anthony Otto Boyum,
Appellant.

**Filed August 25, 2014
Affirmed
Stauber, Judge**

Waseca County District Court
File No. 81CR12669

Lori Swanson, Attorney General, St. Paul, Minnesota; and

Paul Dressler, Waseca County Attorney, Rachel Cornelius, Assistant County Attorney, Waseca, Minnesota (for respondent)

Cathryn Middlebrook, Chief Appellate Public Defender, Richard Schmitz, Assistant Public Defender, St. Paul, Minnesota (for appellant)

        Considered and decided by Hudson, Presiding Judge; Stauber, Judge; and Kirk, Judge.

## U N P U B L I S H E D   O P I N I O N

**STAUBER**, Judge

        Appellant challenges the district court's findings that he violated the terms of his probation. We affirm.

**FACTS**

Appellant Anthony Boyum was found guilty of controlled-substance crime in the fifth-degree and sentenced to a stay of adjudication under Minn. Stat. § 152.18. A few weeks later, appellant tested positive for methamphetamine, amphetamine, and marijuana. Appellant waived his right to a contested violation hearing and admitted use. But due to his positive job performance, his remorse, and his willingness to address his chemical-dependency issues, appellant was reinstated on probation with the condition that he complete a chemical-dependency evaluation and follow its recommendations.

While attending outpatient chemical-dependency treatment, appellant tested positive for alcohol use. A contested violation hearing was then held, at which appellant's probation agent, BethAnn Wolff, testified that appellant submitted a urine analysis (UA) on August 27, 2013, and that the UA sample was sent to Redwood Toxicology for testing. Wolff also testified that the results of appellant's August 27 UA sample were positive for alcohol. Wolff, however, admitted that she was not present to witness the sample collection from appellant.

Appellant denied consuming alcohol and testified that, when he went into the secretary's office to put his UA sample cup on the table, no staff member was present. Although appellant admitted that his UA sample tested positive for alcohol, appellant claimed: "I don't know what happened. I know I was not drinking and the only conclusion I can come to is there's way too many opportunities for someone that were to be using to switch the caps on [the UA samples]."

The district court found that the state "presented evidence that's clear and convincing that [appellant] used a mood altering chemical." The court also specifically found appellant's testimony to be incredible, and thus, concluded that appellant violated his probation. The district court then revoked appellant's stay of adjudication, but reinstated him on probation with a stay of imposition. This appeal followed.

## D E C I S I O N

The district court has broad discretion when determining whether probation has been violated and will not be reversed absent an abuse of discretion. *State v. Ornelas*, 675 N.W.2d 74, 79 (Minn. 2004). The district court's findings of fact are accorded great weight and will not be set aside unless clearly erroneous. *See State v. Critt*, 554 N.W.2d 93, 95 (Minn. App. 1996), *review denied* (Minn. Nov. 20, 1996). The state has the burden of proving an alleged probation violation by clear and convincing evidence. *Onnelas*, 675 N.W.2d at 79; Minn. R. Crim. P. 27.04, subd. 3. Clear and convincing evidence is demonstrated when it is "highly probable" that the proffered facts are true. *Roby v. State*, 808 N.W.2d 20, 26 (Minn. 2011) (quotation omitted).

Appellant argues that the state failed to present clear and convincing evidence that he violated his probation conditions because the state failed to present any evidence regarding the taking of his UA sample or the chain of custody of the UA sample. Appellant contends that this evidence was necessary in light of his testimony that he did not consume alcohol, and the Department of Correction's (DOC) policy pertaining to the collection of UA samples which, according to appellant, was not followed. Thus,

appellant argues that the district court's "finding of violation was an abuse of the court's discretion and it must be reversed."

We disagree. The state presented evidence that one of the conditions of appellant's probation was that he abstain from alcohol. Appellant's probation agent testified that appellant submitted a UA sample on August 27, 2013, the sample was sent to Redwood Toxicology for testing, and the results of appellant's August 27 UA sample were positive for alcohol. If believed, this evidence is sufficient to establish that appellant violated the terms of his probation. Although appellant denied using alcohol and claimed that no staff member was present when he turned in his UA sample, thereby insinuating that someone may have tampered with his UA sample, the district court specifically did "not find[] [appellant's] testimony to be credible." It is well settled that the district court is in the best position to evaluate the credibility of witnesses, and we defer to the district court's determination of credibility. *See State v. Al-Naseer*, 788 N.W.2d 469, 473 (Minn. 2010). The district court's credibility finding is further supported by Wolff's testimony that appellant "refused to take responsibility" for his positive test, and that he "had a number of different" excuses for testing positive "that he had seen on the internet, including using hand sanitizer in a room for more than two hours or being subject to gasoline." Accordingly, the district court did not abuse its discretion by finding that appellant violated the terms of his probation.

**Affirmed.**